FILED
United States Court of Appeals
Tenth Circuit

April 16, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

VAEA JUNIOR LASITANI,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

------------------------------

AMERICAN IMMIGRATION
LAWYERS ASSOCIATION;
AMERICAN IMMIGRATION
COUNCIL,

      Amici Curiae.

No. 14-9581
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **LUCERO** and **MATHESON**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Vaea Junior Lasitani, a native and citizen of New Zealand, was ordered removed based on his Utah state convictions for firearms violations and assault. He does not challenge his removability; rather, he asserts that he is eligible for discretionary consideration for waiver of inadmissibility. This circuit recently resolved this issue of first impression in favor of Mr. Lasitani's position. *Medina-Rosales v. Holder*, 778 F.3d 1140, 1145 (10th Cir. 2015). Accordingly, we grant the petition for review and remand for further proceedings.

Mr. Lasitani was admitted to the United States in 1995. On September 25, 2007, he adjusted his status to that of a legal permanent resident (LPR). Thereafter, in October of 2010, he was convicted of three Utah felony counts, which he admits qualify as an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43). The Department of Homeland Security instituted removal proceedings. Conceding removability, Mr. Lasitani filed applications for a waiver of inadmissibility and for cancellation of removal. His wife, a United States citizen, filed an I-130 relative petition on his behalf, which, if granted, would make a visa immediately available to him. He claimed he was eligible for a waiver of inadmissibility pursuant to 8 U.S.C. § 1182(h).

In agency removal proceedings, the Board of Immigration Appeals determined that Mr. Lasitani was ineligible for a waiver of inadmissibility because he had been convicted of an aggravated felony after acquiring LPR status. Mr. Lasitani seeks review, arguing that because he had become an LPR after his arrival in the United

- 2 -

States and before he was convicted of an aggravated felony, he is eligible for a waiver of inadmissibility.

The relevant provision of § 1182(h) is as follows: "No waiver shall be granted under this subsection in the case of an alien who has previously been admitted to the United States as an alien lawfully admitted for permanent residence if . . . since the date of such admission the alien has been convicted of an aggravated felony . . . ." In *Medina-Rosales*, this court held that under the plain language of the statute, "only persons who obtained LPR status before or when they entered the United States are barred from seeking a waiver under § 1182(h)." 778 F.3d at 1145. Because Mr. Lasitani obtained LPR status after he entered the United States, he "is eligible for discretionary consideration for waiver of inadmissibility under § 1182(h)." *Id.* at 1146. Accordingly, the petition for review is granted and the case is remanded for further proceedings.

Entered for the Court

Mary Beck Briscoe
Chief Judge

- 3 -